OLE CARLSON *vs.* JOHN S. DOW, impleaded, etc.

November 13, 1891.

Trespass—Damages—Charge—Insufficient Exception.—In an action to recover for an alleged wanton and malicious tearing down and destruction of a house, the court inaccurately stated the rule as to the measure of damages, when charging the jury.   To this the defendant excepted, solely on the ground "that there is no evidence to support such a finding."   *Held,* that the exception was insufficient to point out the real error in the charge.

Same—Verdict—Evidence.—*Held, further,* that the evidence adduced upon the trial was sufficient to justify the verdict.

Action brought in the district court for Big Stone county, against defendant Dow and three others, to recover treble damages for the

tearing down of his frame house on land occupied by him under a pre-emption claim. At the trial, before *C. L. Brown*, J., the plaintiff had a verdict of $252. A new trial was refused, judgment was entered, and the defendant Dow appealed.

*F. L. Cliff*, for appellant.

*E. T. Young*, for respondent.

COLLINS, J.[1] 1. On the trial of this action there was testimony tending to establish the value of plaintiff's house—a very small and incomplete structure, at best—as it stood upon the tract of land which he was attempting to secure under the pre-emption laws of the United States; and there was also testimony presented by the defendants as to the value of the materials after the house had been torn down. It was practically undisputed that these materials were then worth at least one-fifth of the value of the building when standing. This fact seems to have escaped attention; and the court charged the jury, in effect, that if they found, from the testimony, that said defendants wantonly and maliciously tore down and destroyed the plaintiff's house, the latter was entitled to recover as damages a sum equal to three times its value. To this portion of the charge the defendants excepted, solely on the ground, to use their own words, "that there is no evidence to support such a finding." The charge was inaccurate as to the measure of damages, for the plaintiff was not entitled to recover three times the value of his building. In case the jury found that defendants acted wantonly or maliciously, plaintiff was entitled to recover treble damages for the injury done. See Pen. Code, § 491. But the exception as made was insufficient, for it wholly failed to point out the real error. The attention of the court was not called to the fact that the rule as to the measure of damages in such a case had been incorrectly stated, but, by means of the form of this exception, was drawn directly to defendant's claim that the evidence would not justify treble damages at all for the acts complained of. It seems obvious that the exception was not aimed at the real erroneous feature of the charge, and that appellant's counsel did not then have it in mind. He cannot now be allowed, in the absence of a sufficient exception, to take advantage of

[1] Gilfillan, C. J., absent on account of illness, took no part in this case.

an inaccuracy in the charge which would have been immediately corrected, undoubtedly, had the attention of the court been called to it.

2. The appellant strenuously contends that the testimony absolutely failed to connect him with the alleged trespass. While it was not clearly shown upon the trial that he was present in person when the house was torn down, there was sufficient testimony produced to justify the jury in concluding that, in addition to being present when some of the acts of violence were committed, appellant was on all occasions, including that on which the house was torn down, the instigator and main director of the lawlessness. This warranted a verdict against him.

3. Special mention of the remaining assignments of error need not be made.

Judgment affirmed.